AO 2458 (3/95) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

NORTHERN District of ILLINOIS

UNITED STATES OF AMERICA
V.
ROBERT KRILICH

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 94 CR 419-1

THOMAS D. DECKER
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☒ was found guilty on count(s) __1, 2-15__ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 1962(d) | Racketeering | 10/18/91 | I |
| 18 USC 1014 and 2 | False Statements to Banks | 10/18/91 | 2-15 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc Sec No.: 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
Defendant's Date of Birth: 10/21/30
Defendant's USM No.: _____
Defendant's Residence Address:
1771 Leuther Lane
Oakbrook Terrace, Illinois 60181

Defendant's Mailing Address

FEBRUARY 11, 2000
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

DAVID H. COAR, U.S. DISTRICT COURT JUDGE
Name and Title of Judicial Officer

NOVEMBER 1, 2000
Date

AO 2458 (3/95) Sheet 2 - Imprisonment

DEFENDANT: ROBERT KRILICH
CASE NUMBER: 94 CR 419-1

Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  EIGHTY SEVEN (87) MONTHS .

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ a.m./p.m. on _____ .
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____ .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (3/95) Sheet 3 - Supervised Release

DEFENDANT: ROBERT KRILICH
CASE NUMBER: 94 CR 419-1

Judgment - Page  3  of  6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of   THREE (3) YEARS  .

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and random drug test thereafter, conducted by the US Probation Office, not to exceed 104 tests per year.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons:
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such

AO 245B (3/95) Sheet 5, Part A – Criminal Monetary Penalties

DEFENDANT: ROBERT KRILICH
CASE NUMBER: 94 CR 419-1

Judgment – Page 4 of 6

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 750.00 | $ 1,000,000.00 | $ 40,000.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement ......... $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| National<br>8350 North Central Expressway #730<br>Dallas, TX 75206<br>Attention: Bill Willshire, Executive Vice-President | | 40,000.00 | |
| Totals: | $ _____ | $ 40,000.00 | |

* ... total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses

AO 245B (3/95) Sheet 5, Part B — Criminal Monetary Penalties

DEFENDANT: ROBERT KRILICH
CASE NUMBER: 94 CR 419-1

Judgment - Page 5 of 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [XX]  In full immediately; or

B  [ ]  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  [ ]  not later than _____ ; or

D  [ ]  in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ]  in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The National Fine Center will credit the defendant for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

FORFEITURE TO UNITED STATES - $6,241,506.99; FORFEITURE TO UNITED STATES $428,590.63 IN CONNECTION WITH COUNTS 2 THROUGH 15
FORFEITURE TO UNITED STATES $2,000,000 IN CONNECTION WITH COUNT I

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts National Fine Center, Administrative Office of the United States Courts, Washington, DC 20544, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. If the National Fine Center is not operating in this district, all criminal monetary penalty payments are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 1

EXHIBIT No. 3

RECEIVED
FEB 21 2002
K.C.

# UNITED STATES DISTRICT COURT

__NORTHERN__ District of __ILLINOIS__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| ROBERT KRILICH | Case Number: 94 CR 419 -1 |
| | STANLEY HILL |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  1, 2 - 15
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §1962(d) | RACKETEERING | 10/18/91 | 1 |
| 18 U.S.C. §1014 & 2 | FALSE STATEMENTS TO BANKS | 10/18/91 | 2 THRU 15 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 10/21/30

Defendant's USM No.: _____

Defendant's Residence Address:
1771 LEUTHER LANE
OAKBROOK TERRACE, ILLINOIS 60181

Defendant's Mailing Address: _____

FEBRUARY 14, 2002
Date of Imposition of Judgment

_[signature]_
Signature of Judicial Officer

DAVID H. COAR, DISTRICT JUDGE
Name and Title of Judicial Officer

FEBRUARY 15, 2002
Date

AO 245B  (Rev. 3/01) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 8

DEFENDANT: ROBERT KRILICH
CASE NUMBER: 94 CR 419 -1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of __ONE HUNDRED THIRTY FIVE (135) MONTHS__

☐ The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: ROBERT KRILICH
CASE NUMBER: 94 CR 419 -1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term   THREE (3) YEARS ON COUNTS 1 - 15
                                                                                          TO RUN CONCURRENTLY

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994*:

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
          Sheet 3A — Supervised Release

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __8__

DEFENDANT: ROBERT KRILICH
CASE NUMBER: 94 CR 419-1

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine          | Restitution |
|--------|------------|---------------|-------------|
| TOTALS | $ 750.00   | $ 1,000,000.00 | $ 40,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| NATIONAL HOLE-IN-ONE 8350 NORTH CENTRAL EXPRESSWAY #730 DALLAS, TX 75206 ATTENTION: MR. BILL WILSHIRE, EXECUTIVE VICE-PRES. |  | $40,000.00 |  |

TOTALS     $ _____     $ 40,000.00

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Sheet 6 — Criminal Monetary Penalties

Judgment — Page __5__ of __8__

DEFENDANT:       ROBERT KRILICH
CASE NUMBER:     94 CR 419 -1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

- A   ☐  Lump sum payment of $ _____ due immediately, balance due

      ☐ not later than _____, or
      ☐ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

- B   X  Payment to begin immediately (may be combined with  ☐C,  ☐D, or  ☐E below); or

- C   ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

- D   ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

- E   ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant Name, Case Number, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
   FORFEITURE TO UNITED STATES - $6,241,506.99  (SEE ADDITIONAL FORFEITURE PAGE 6)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: ROBERT KRILICH
CASE NUMBER: 94 CR 419-1

Judgment—Page 6 of 8

## ADDITIONAL FORFEITED PROPERTY

FORFEITURE TO UNITED STATES $428,590.63 IN CONNECTION WITH COUNTS 2 THROUGH 15.

FORFEITURE TO UNITED STATES $2,000,000.00 IN CONNECTION WITH COUNT 1

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Attachment — Statement of Reasons

Judgment — Page __7__ of __8__

DEFENDANT:    ROBERT KRILICH
CASE NUMBER:  94 CR 419-1

## STATEMENT OF REASONS
(Not for Public Disclosure)

X  The court adopts the factual findings and guideline application in the presentence report.

**OR**

☐  The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

Guideline Range Determined by the Court:

Total Offense Level:          32
Criminal History Category:    II
Imprisonment Range:           135      to      168       months
Supervised Release Range:     3        to      5         years
Fine Range: $ 15,000.00       to $ 14,000,000.00

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:  $ 40,000.00

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B    (Rev. 3/01) Judgment in a Criminal Case
           Attachment A — Statement of Reasons

Judgment — Page   8   of   8

DEFENDANT:   ROBERT KRILICH
CASE         94 CR 419 -1

## STATEMENT OF REASONS
(Not for Public Disclosure)

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

OR

X  The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:
THE DEFENDANT IS SENTENCED AT THE BOTTOM OF THE GUIDELINE RANGE BECAUSE OF HIS VARIOUS AILMENTS

OR

☐ The sentence departs from the guideline range:

  ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

  ☐ for the following specific reason(s):

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 94 CR 419 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| ROBERT R. KRILICH, SR. | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF REASONS

This matter is before this Court for resentencing of the defendant Robert R. Krilich, Sr. ("Krilich") after remand from the Seventh Circuit Court of Appeals (U.S. v. Krilich, 257 F.3d 689). This is the second time that Krilich has been ordered resentenced. See U.S. v. Krilich, 159 F.3d 1020 (7th Cir. 1998). The mandate of the Court of Appeals was clear: "the case is remanded with instructions to impose a sentence in the range of 135 to 168 months." Nonetheless, Krilich filed a new motion for a downward departure "based on Defendants Changed Medical Condition." At the last resentencing hearing, this Court concluded that Krilich had four major physical infirmities: chronic cardiovascular disease; chronic peripheral vascular disease with hypertension; obstructive pulmonary disease; and lower back pain of lumbar and lumbosacral origin.

Defendant's "changed" medical condition relates to the following series of events. Beginning on August 10, 2001, Krilich complained to Bureau of Prison ("BOP") staff about

-1-

abdominal pain, nausea, vomiting, and inability to hold down liquids and medication. On August 14, 2001, he was taken by ambulance to Samaritan Hospital of the Federal Medical Center of Lexington, Kentucky. On August 15, 2001, Krilich developed atrial fibrillation. There is some dispute as to whether his heart resumed normal sinus rhythm spontaneously or as a result of treatment; it is clear that a normal rhythm was achieved. Later that day, the cause of the nausea and vomiting was determined to be a bowel obstruction, which was removed by suction. Dr. Joseph Messer, a cardiologist, submitted an affidavit in support of the motion for downward departure, and he opined that, as a result of the atrial fibrillation event on August 15, 2001, (which Messer diagnosed as acute from reviewing the medical records), Krilich has developed "underlying electrical instability" of his heart and he is at greater risk of recurring atrial fibrillation and other cardio arrhythmias.

In its most recent remand, the Seventh Circuit expressed surprise that this Court based its finding as to Krilich's heart ailments on the testimony of a psychiatrist. Perhaps to mute that concern, Krilich submitted the affidavits of two cardiologists, Drs. Messer and Fintel. Dr. Fintel testified at the sentencing hearing that he believes that Krilich suffers from coronary artery disease based on his risk factors and the symptoms reported in the medical records. One of the difficulties in getting an accurate and complete diagnosis is that early in his confinement the BOP was slow to recognize that Krilich had a possible coronary problem requiring diagnostic procedures. After they moved to administer the necessary tests, Krilich balked at having invasive testing done. Thus, in an affidavit, Dr. Tran, a staff physician at the BOP, reported that while Krilich was at the federal medical facility in Rochester, Minnesota, he was evaluated by a cardiologist from the Mayo Clinic who recommended that Krilich lose weight, work on

controlling his hyperlipidemia and hypertension with dietary and lifestyle changes and continue with a cardiac assessment including a coronary angiogram. Krilich refused to continue the assessment.

Dr. Rubin, the psychiatrist who testified at the previous sentencing hearing, also testified at this hearing. He views Krilich's refusal to cooperate with his diagnostic and treatment regimes as symptoms of major depressive disorder. His psychological condition complicates Krilich's physical problems in two ways. Fist, the depression inhibits his compliance with treatment regimes for both the depressive and coronary conditions. Rubin interprets frequent references in the medical notes to Krilich's irritability and obstinacy as symptoms of his depression. More significantly, Rubin cites to several studies identifying a significant increase in risk of mortality and coronary disease in patients who suffer from major depression.

Rubin observed that although Krilich's depression predates his incarceration, the stress of being in prison has exacerbated the problem, and the depression inhibits his ability to comply with the prescribed treatment programs. The result is that Krilich's depressive condition is not improving and when combined with his coronary problems, he faces at an increased risk of a coronary incident and of death. Rubin was also critical of the medication prescribed by the BOP. When asked whether or how Krilich's condition would be different outside prison, Rubin opined that Krilich would suffer less prison-induced stress on the outside and that he would have the support and encouragement of his family so that he would be likely to increase his compliance with the treatment regimen.

All three of Krilich's experts took issue with the BOP's medical response to Krilich's August 10, 2001 bout of intestinal blockage. Messer and Fintel felt that because of his prior history of angina and coronary problems, Krilich should have been taken to a hospital right away

-3-

and his heart should have been monitored throughout the incident. Rubin took issue with the fact that between August 10 and August 15 or 16 when Krilich was dehydrated and vomiting frequently, his medication for depression was administered orally. According to Rubin, the inability to digest this medication properly exacerbated his depression and his risk of a coronary event. Rubin's concerns about the link between major depression and risk of coronary disease were echoed by Fintel. Several published studies were offered documenting the statistical significance of this combination.

In its July 16, 2001 decision, the Seventh Circuit discussed the interplay between U.S.S.G §5H1.1 and §5H1.4 and the showing that must be made to warrant a departure under these provisions. As articulated by the Court of Appeals, to receive a departure under §5H1.4, a defendant must demonstrate an "extraordinary" physical impairment. Paraphrasing the requirements, this showing can be made in one of four ways. The defendant must prove by a preponderance of the evidence that:

1) his bedridden condition is such that the physical condition effectively does the imprisoning; or

2) through competent medical testimony, the defendant needs constant care (which presumptively is not available in a prison context); or

3) the care that the defendant needs will not be available to him should he be incarcerated; or

4) the ailment is substantially more dangerous for prisoners than nonprisoners such that "imprisonment would shorten the defendant's life span, making a given term a more harsh punishment than the same term for a healthy person."

Krilich clearly did not meet the requirements of (1) and (2) above. He is not bedridden. In fact, Dr. Fintel testified that Krilich has no limitations on everyday life activities such as walking, eating, brushing his teeth. He has temporary restrictions from doing prison work, but he

-4-

is hardly bedridden. Outside of prison, his condition would not be characterized as effectively imprisoning him. Nor does he need constant care. The best that can be said from Krilich's evidence in this regard is that he requires frequent medical followup.

The thrust of Krilich's evidence in support of his motion is addressed to items (3) and (4). Krilich's theory is that as a result of the convergence of his major depression, his coronary condition, and other risk factors, he faces a greater risk of future coronary incidents (and death) than persons without this combination. If this was all that he offered, he would lose, because these conditions would exist whether he was in prison or out. For example, Dr. Rubin testified that the depression predated his incarceration. Rubin attempts to provide the necessary link by saying that the stress of prison both exacerbates the depression and makes it difficult to treat because the depression causes Krilich to not follow the treatment regime prescribed to control and improve the depression. Outside of prison, Rubin posits, Krilich could be monitored more closely and the support of his family would make him more inclined to take his medications. Thus, Rubin concludes that unless the depression improves, the studies show that Krilich is more at risk of death because of the combination of major depression and coronary issues, and his life expectancy will be less than someone without major depression and coronary problems. Because as he sees it, the depression has not and will not improve in prison and will improve if he is released, he meets requirement (4). The problem with this approach is that Rubin's assumption that the depression will improve outside of prison either because of the removal of prison related stress and/or a more diligent adherence to treatment regimens is untested. Moreover, outside of prison Krilich would be able to indulge his taste for alcohol and cigars, which are also risk factors. Rubin did not explain the effect of this trade-off in his overall risk profile of Krilich.

It is far from clear that Krilich will be more compliant with his treaters outside of prison. For example, there is no evidence that he was compliant before he went to prison (when he was presumably less depressed) than he was after he was incarcerated. If he was released and remained noncompliant, Rubin conceded that the option to force him to take medication is limited. This Court cannot conclude that Krilich meets requirement (4).

As to requirement (3), Dr. Fintel testified that the August 2001 incident involving a bowel obstruction that led to atrial fibrillation demonstrates that the level of monitoring, coordination, and response necessary to provide care to someone with Krilich's condition cannot be provided by the BOP. In order to make that argument, Krilich must extrapolate from the August 2001 incident, a conclusion that if faced with a future medical incident the BOP will react in a similar manner. Taken in a light most favorable to Krilich, the evidence indicates that the BOP botched Krilich's treatment on that occasion. The staff failed to diagnose the bowel obstruction quickly enough, in light of his complaints symptomatic of coronary problems, failed to monitor his heart quickly and closely. Does it follow that this negligent behavior is endemic?. Krilich offers no credible evidence that the BOP's response was anything other than one act of negligence. Take away the assumption of error and what is left is a disagreement among medical providers about the proper course of treatment. Fintel did not testify that Krilich needed care of a type and degree that the BOP is incapable of providing. At best, he said that in this August, 2001 incident, the BOP should have done better. On the record, Krilich has not carried his burden as to requirement (3).

For these reasons, the motion for downward departure is denied.

Enter:

_____

David H. Coar

United States District Judge

Dated: February 15, 2002