IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ROBERT KRILICH, SR.,    :
    Petitioner

                      :

    v.    :    Civil Action NO. 04-40111-DPW

                      :

WARDEN DAVID WINN,    :
    Respondent

---

## MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28, U.S.C. §2241

Respondent David L. Winn, Warden of Federal Medical Center, Devens, by and through Michael J. Sullivan, United States Attorney, District of Massachusetts, and Lori J. Holik, Assistant United States Attorney, hereby moves to dismiss Petitioner's Writ of Habeas corpus Under Title 28, U.S.C. §2241 and in support thereof submits as follows.

A.   <u>Relevant Procedural and Factual History</u>

The following facts are drawn from Krilich's petition, the criminal docket for 94-Cr-419, <u>United States v. Krilich</u>, U.S. District Court, Northern District of Illinois (attached hereto as Exhibit A),[1] and an unpublished Order of the United States Court of Appeals, Seventh Circuit, dated December 31, 2002 in <u>Krilich</u>

---

[1] References to docket entries are cited as "D.___."

1

v. United States, No. 02-3161 (attached hereto as Exhibit B).

On September 14, 1995, a jury found the petitioner guilty as to all counts of a superceding indictment (D. 96), charging the petitioner with violations of 18 U.S.C. §1962(d)(bribery), 18 U.S.C. §1014 (false statements to a lending or credit institution), 18 U.S.C. §2 (aiding and abetting) (D.38). The petitioner was sentenced three times following that conviction. The first two sentences were vacated by the Seventh Circuit (159 F.3d 1020 (1998) and 257 F.3d 689 (2001)); the third was affirmed by an order dated December 31, 2002 (D.479, 480).[2] Throughout those proceedings, the petitioner's sentence of imprisonment increased from 64 months to 87 months to 135 months. In connection with the second and third sentencings, the petitioner unsuccessfully argued that his deteriorating health warranted significant downward departures.

As the petitioner makes note (Petition, p.19), he has also previously filed motions pursuant to 28 U.S.C. §2255. That history is perhaps best summed up in the unpublished Order of the Seventh Circuit, dated December 21, 2002:

> Krilich sought collateral review of the first sentence. That petition was denied by the district court, and we declined to issue a certificate of appealability. Now we have Krilich's collateral attack on his second sentence. What significance this could have is unclear, given that the second sentence was vacated more than a year ago. But the

---

[2] The convictions were affirmed and the petitioner does not claim innocence.

district court denied this petition on the merits, and Krilich seeks a certificate of appealability.

The district court should not have entertained Krilich's request. It is his second collateral attack and therefore required this court's approval under 28 U.S.C. §2255 ¶8. Krilich did not seek permission to file, and the argument he presents – that the court violated the Constitution's Ex Post Facto Clause by considering, when imposing sentence, the loss inflicted by his offenses – does not meet the statutory criteria for a second or successive collateral attack. Krilich's lawyers may believe that §2255 ¶8 does not apply because he has been sentenced more than once. But we held in *Dahler v. United States*, 259 F.3d 763 (7th Cir. 2001), that resentencing resets the counter for purposes of §2255 ¶8 only if the collateral attack concerns an issue that first arises at the resentencing. Krilich's argument, by contrast, has been in the case all along. His application for a certificate of appealability opens by saying that "[t]his is the eighth time the petitioner has attempted to have his ex post facto constitutional claim addressed by a federal court." It was raised on Krilich's initial appeal to this court, and it was resolved then.

Exhibit B.

Petitioner currently appears to be incarcerated in the district of Massachusetts.

B.   <u>Argument</u>

Petitioner's petition for relief pursuant to 28 U.S.C. §2241 should be dismissed because this Court lacks jurisdiction to entertain a collateral attack on petitioner's conviction or sentence pursuant to 28 U.S.C. §2241 or any other statute. Habeas corpus relief as provided by 28 U.S.C. §2241 is available for a federal prisoner only where he is challenging the execution of his sentence as contrasted with the imposition of the sentence or the substance underlying the imposition. Courts have repeatedly

3

held that federal prisoners may use 28 U.S.C. §2241 "to attack [only] the execution, rather than the validity, of their sentences." United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); accord Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998) (domain of 28 U.S.C. § 2241 is motions "concerning the execution but not the validity of the conviction and sentence -- for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release").

A federal prisoner who seeks to attack the validity of his sentence or conviction must rely on 28 U.S.C. §2255 and must file the motion in the court of conviction. See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (petition pursuant to 28 U.S.C. § 2255 is proper way to attack the "imposition or illegality of the sentence"); accord Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. §2255, not 28 U.S.C. §2241(c)"), cert. denied, 452 U.S. 920 (1981); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence . . . is that provided for in 28 U.S.C. §2255.") (internal quotation marks omitted; citation omitted). Except in rare circumstances not applicable here (as explained below), a section 2241 petition

4

that states a section 2255 claim must be dismissed. See Barrett, 178 F.3d at 38; Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998) (dismissing section 2241 petition that stated claim under section 2255). See also Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D.Mass. 2001); Gonzalez v. United States, 150 F. Supp.2d 236, 241 (D.Mass. 2001).

The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241 must be denied because it is in fact an attack upon the validity of petitioner's sentence. In principal part, Krilich uses the instant petition to object to the ever increasing length of his imposed period of imprisonment, and the standard applied by the Appeals Court in each review of those successive sentencings. The relief he seeks is not a modification of the manner in which his sentence is being executed but rather an abatement of the period of imprisonment. The only avenue available for petitioner to assert such claims and seek such relief is a section 2255 motion filed in the court of conviction.

A section 2241 petition *may* be filed in lieu of a section 2255 motion in the rare case where it appears that a section 2255 motion "is inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255, but that is not the case here. Numerous court decisions have made it clear, however, that a defendant's failure to obtain relief under

section 2255 does not render that remedy either "inadequate" or "ineffective" within the statute's meaning. See, e.g., Barrett, 178 F.3d at 50-53 & n.13; Triestman v. United States, 124 F.3d 361, 376-377 (2d Cir. 1997); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); United States v. Pregent, 190 F.3d 279, 284 n.6 (4th Cir. 1999); McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir. 1979) (per curiam); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam); In re Davenport, 147 F.3d 605, 608-609 (7th Cir. 1998); Moore v. Reno, 185 F.3d 1054 (9th Cir. 1999) (per curiam), cert. denied, 528 U.S. 1178 (2000); Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999). As the Sixth Circuit has explained,

> The § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate. It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.

Charles, 180 F.3d at 756 (citations omitted).

Petitioner has not met that burden here. The issues raised in this petition could only be raised in a §2255 motion, which Petitioner concedes would be properly styled as a successive §2255 motion. Such a successive motion would require certification by a panel of the appropriate court of appeals to contain newly discovered evidence that proves the movant's

innocence or "a new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Here, Petitioner does not assert his innocence or any new rule of relevant or applicable Constitutional law. It is clear that a prisoner "cannot evade the restrictions of §2255 by resort to the habeas statute, 28 U.S.C. §2241." Barrett, 178 F.3d at 38.

C. Conclusion

Jurisdiction does not lie in the district of incarceration and Krilich's petition should be dismissed.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
LORI J. HOLIK
Assistant U.S. Attorney

Date: July 6, 2004

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2004, I caused a copy of the above to be served on the Petitioner by causing same to be mailed, first class mail, postage prepaid, to: Robert Krilich, Sr., 06108-424, FMC, Devens, PO Box 879, Ayer, MA 01432.

_____
Lori J. Holik
Assistant U.S. Attorney