FILED
IN CLERKS OFFICE

2004 JUL 12  A 11: 30

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
AT BOSTON

ROBERT C. KRILICH, SR.,                )
                                       )
            Petitioner,                )   No. 04-cv-40111 DPW
                                       )
    v.                                 )   MEMORANDUM IN SUPPORT
                                       )   OF AMENDED PETITION FOR
DAVID WINN, Warden, Federal Medical    )   WRIT OF HABEAS CORPUS
Center, Devens, Massachusetts,         )
                                       )
            Respondent.                )

## I.  INTRODUCTION

Petitioner Robert Krilich, Sr. is currently incarcerated at the Federal Medical Center in Devens, Massachusetts, for a crime of which a recent change in the law makes him factually innocent. Petitioner brings this Motion for Writ of Habeas Corpus to seek relief from his conviction and sentence on his RICO conspiracy charge.

## II.  STATEMENT OF THE CASE

In 1998, Petitioner was convicted in federal court in Illinois of conspiracy to violate the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. § 1962(d), and making false statements to a bank in violation of 18 U.S.C. § 1014. He was sentenced to sixty-four months' incarceration. *See United States v. Krilich*, 159 F.3d 1020, 1024 (7th Cir. 1998). As to his RICO conspiracy charge, the verdict from a trial did not require any specific findings by the jury as to the predicate RICO acts alleged in the complaint; it

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS
CORPUS--1

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

merely asked for a verdict of guilty or not guilty. *See* Verdict Form, attached as Exhibit A to the Declaration of Scott Carter-Eldred.

On appeal, the Seventh Circuit found that the District Court judge had impermissibly departed below the standard range in sentencing Petitioner, vacated Petitioner's sentence and remanded to the District Court for resentencing. *Id.* at 1031. On November 1, 2000, the District Court judge resentenced Petitioner to eighty-seven months' incarceration. Petitioner timely filed a Rule 35(c) Motion to Correct Sentence, which was denied by the District Court. On direct review of the new sentence, the Seventh Circuit again vacated the sentence, this time with specific instructions that the District Court impose a sentence in the range of 135 to 168 months. *See United States v. Krilich*, 257 F.3d 689, 694 (7th Cir. 2001). The District Court sentenced Petitioner to 135 months, a fine of $1,000,000, and forfeitures of $6,241,506.99, 428,590.63, and $2,000,000. See Exhibit F to the Carter-Eldred Declaration.

Among his other appeals, Petitioner filed a bifurcated 28 U.S.C. § 2255 motion. The first half of this motion, which concerned his convictions, was filed on October 3, 2000 (before his first resentencing). The second half, which concerned his final sentence, was filed on March 22, 2002 (after his second resentencing). Both halves of this motion were denied. *See* Order Attached as Exhibit C to the Carter-Eldred Decl. He filed a Petition for Certiorari in the Supreme Court on August 19, 2003, which was denied. *See Krilich v. United States*, 124 S. Ct. 386 (2003).

Petitioner filed a *pro se* Motion for Writ of Habeas Corpus in this court on June 7, 2004, attached as Exhibit E to the Carter-Eldred declaration. This counseled motion and memo incorporates by reference the facts and arguments set forth in the *pro se* motion.

Petitioner, whose health is deteriorating, is currently in incarcerated at the Federal Medical Center in Devens, Massachusetts.

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--2

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

### III.   JURISDICTION AND VENUE

A.   **The "Savings Clause" Of 28 U.S.C. § 2255 Permits Petitioner To Seek An Original Writ Of Habeas Corpus Under § 2241.**

1. **Petitioner's Claim Is Based On A Change In The Substantive Federal Criminal Law That Establishes His Actual Innocence, And As Such Is Properly Brought Under § 2241.**

The "savings clause" of 28 U.S.C. § 2255 allows a prisoner to seek habeas relief under §2241 when §2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. When the Supreme Court announces a change in the substantive statutory criminal law after a prisoner's conviction has become final and his initial § 2255 habeas motion has been denied, federal courts of appeal have held that § 2255 is inadequate to test the legality of a conviction. *See, e.g. Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir. 2003); *United States v. Reyes-Requena,* 243 F.3d 893 (5th Cir. 2001); *In re: Jones,* 226 F.3d 328 (4th Cir. 2000).[1] Accordingly, a recent line of cases stemming from the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137 (1995), makes clear that § 2241 is proper where "(1) at the time of the conviction, settled law of the circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones,* 226 F.3d at 333-34.

*Bailey* altered the way federal courts interpreted one of the elements of a federal

---

[1] Section 2255 is inadequate under these circumstances because that provision generally is available only in one of two circumstances: when newly discovered evidence has come to light which casts serious doubt on the factual guilt of the petitioner, or when the Supreme Court announces a new rule of constitutional law, which it subsequently holds to be retroactively applicable to petitioner's claims. 28 U.S.C. § 2244. A claim that the substantive federal law has changed does not fit into either one of these theories. If, however, this Court determines that § 2255 would be an adequate procedural vehicle here, Petitioner respectfully requests that this Court convert his motion from a § 2241 motion to a § 2255 motion.

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--3

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

firearms charge. The result was that there were many people in federal custody who had been convicted based on an incorrect reading of the statute. Under the rule announced by *Bailey*, these prisoners were actually innocent of the crime for which they had been convicted. Some of these prisoners had already filed § 2255 motions. But since *Bailey* did not establish a new rule of constitutional law that could be applied retroactively to their cases, those prisoners who had filed a § 2255 petition prior to *Bailey* could not use it as a basis to file a successive § 2255 motion. *See, e.g., Triestman v. United States*, 124 F.3d 361 (2d. Cir. 1997).

Consequently, every federal court of appeals since *Bailey* to consider the issue have allowed such prisoners to pursue these claims under § 2241. *See United Reyes-Requena*, 243 F.3d 893; *Jones*, 226 F.3d 328; *Triestman v. United States*, 124 F.3d 361 (2d. Cir. 1997); *in re: Dorvansail*, 119 F.3d 245 (3d Cir. 1997). As the Second Circuit explained, "Since [petitioner] cannot bring his claim under the newly amended § 2255, and since any attempt by Congress to preclude all collateral review in a case like this would raise serious questions as to the Constitutional validity of the AEDPA's amendments to § 2255, we find that § 2255 is inadequate and ineffective to test the legality of [petitioner's] conviction. . . . [Petitioner] is entitled to bring a petition for writ of habeas corpus in the district court pursuant to § 2241(c)(3)." *Triestman*, 124 F.3d at 380.

Petitioner's claim is just like these *Bailey* claims that routinely have been pursued through § 2241 in federal court. As explained at greater length below, Petitioner argues that the Supreme Court's recent decision in *Stogner v. California* altered the substantive criminal law under which Petitioner was convicted such that he could not be convicted of the conduct with which he was charged. Specifically, Petitioner argues that his RICO conspiracy conviction was based on "overt acts," which, in light of *Stogner*, were not chargeable under state law, and, as such, were not legally sufficient to establish a "pattern of racketeering activity," an essential element of his conviction. He was, therefore,

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--4

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

factually innocent of the charges against him.

Since Petitioner has already completed litigation of his § 2255 motion, and since the substantive law governing his conviction has changed since this motion such that he could not be convicted of his offense, seeking a writ of habeas corpus under § 2241 is the appropriate remedy. *See Jones*, 226 F.3d at 334; *Triestman*, 124 F.3d at 380. Without such relief, Petitioner would be without remedy to challenge a conviction for which he is factually innocent, a result that would raise serious constitutional questions. *Id.*

### 2. This Court Is The Proper Venue For The § 2241 Petition.

A petition for writ of habeas corpus under § 2241 must be brought in the district in which the Petitioner is incarcerated. *See United States v Hayman*, 342 U.S. 205 (1952). Petitioner is currently being held at the Devens Federal Medical Center in Devens, Massachusetts, within the Federal District of Massachusetts. Venue is therefore proper in this Court.

## IV. ARGUMENT AND AUTHORITY

Petitioner is challenging his RICO conviction based on a recent Supreme Court decision, *Stogner v. California*, 123 S. Ct. 2446 (2003), that changes the substance of the federal criminal law upon which his conviction is based, as well as challenging his sentence on Eighth and Tenth Amendment grounds. Petitioner further incorporates by reference the arguments put forth in his *pro se* §2241 petition. As the forgoing explains, Petitioner is entitled to seek habeas relief in this Court under 28 U.S.C. § 2241, and he is substantively entitled to relief.

### A. Petitioner Is Actually Innocent Of The RICO Conspiracy Charge On Which He Was Convicted, As The Overt Acts Upon Which The Conviction Was Based Included Acts That Were Legally Insufficient To Establish A "Pattern Of Racketeering Activity."

The *Stogner* decision forbids the government from changing a limitations period in order to prosecute crimes for which the statutes of limitations had expired. A review of Petitioner's RICO conviction reveals that the statute of limitations for two of the criminal

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--5

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

"overt acts" on which his conviction is based had expired when his indictment was filed. *Stogner* thus dictates that those acts no longer can support Petitioner's RICO conviction.

        1.    **The Statute Of Limitations On Two Of The Five "Overt Acts" In Count One Of Petitioner's Indictment Had Expired At The Time The RICO Charges Were Brought Against Him.**

Petitioner was indicted on February 2, 1995. *See* Superceding Indictment, Exhibit B to Carter-Eldred Declaration. The charges included, *inter alia*, that he had violated the RICO by participating in a conspiracy to violate the terms of the RICO statute. As part of the indictment, the government listed five "overt acts," which were used to establish a "pattern of racketeering activity," an essential element of the conspiracy charge. *Id.* Under RICO, racketeering activity is defined as conduct such as bribery or extortion "which ***is chargeable under State law*** and punishable for more than one year." 18 U.S.C. § 1961(1)(A) (emphasis added).

Two of the five overt acts in the indictment were based on supposed violations of Illinois state law for which the statute of limitations had expired at the time of the indictment. The general statute of limitations for felonies under Illinois State law, except where otherwise provided by statute, is three years. *See* 720 ILL.COMP.STAT. 5/3-5 (1995). The statute for crimes based on misconduct by a public officer sets out circumstances in which such a limitations period may be extended, but provides that "in no such case is the period of limitations so extended more than 3 years beyond the expiration of the period otherwise applicable." 720 ILL.COMP.STAT. 5/3-6(b). Thus, the absolute maximum statute of limitations for such offenses is six years.

The first overt act alleged was an act of bribery that allegedly took place in 1983, twelve years prior to the charges in this case. *See* Exhibit B to the Carter-Eldred Decl. On February 2, 1995, the day Petitioner was indicted, the statute of limitations for a bribery charge stemming from this conduct had passed. The fourth overt act alleged in the indictment was bribery that allegedly took place at the end of January, 1989, which was

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--6

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

just slightly more than six years prior to the indictment. *Id.* Therefore, on the day Petitioner was indicted, the statute of limitations for that act had expired as well.

### 2. Because The Statute Of Limitations On Two Of The Underlying Overt Acts Had Expired, These Two Acts Were Not "Chargeable Under State Law," And Were Therefore Legally Insufficient To Establish A "Pattern Of Racketeering Activity" As Required For A RICO Conviction.

In order to convict someone of a violation of § 1962(d), the government must show "that the defendant knowingly conspired to conduct or participate in the conduct or affairs of . . . enterprise, through a pattern of racketeering activity." Seventh Circuit Pattern Criminal Jury Instructions, 18 U.S.C. § 1962(d). "Racketeering activity" is defined under the statute as conduct such as bribery or extortion "which ***is chargeable under State law*** and punishable for more than one year." 18 U.S.C. § 1961(1)(A) (emphasis added). The Jury Instruction for § 1962(d) charge provided that the jury must find that the defendant "agreed that at least two of the racketeering acts described in Count One of the indictment would be committed by some member of the conspiracy" *See* Jury Instructions, Exhibit D to the Carter-Eldred Decl. Thus, in order for Petitioner to have been guilty of violating 18 U.S.C. § 1962(d), the government would have had to have shown that Mr. Krilich agreed that some members of the conspiracy of which it alleges Mr. Krilich was a member would commit at least two acts of racketeering (i.e. conduct which "is chargeable under State law"). *See, e.g., United States v. Winter*, 663 F.2d 1120 (1st Cir. 1981).

In light of the Supreme Court's recent decision in *Stogner v. California,* the phrase "is chargeable under state law" should be understood to mean that the underlying conduct must have been chargeable at the time the RICO charge was filed. *Stogner* indicates that a state law statute of limitations is a substantive component of the offense, and, as such, once the statute of limitations on a state law offense has expired, a defendant is forever insulated from criminal liability on that conduct. Since the conduct in counts one and four of Petitioner's indictment were not chargeable under state law at the time the RICO charge

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--7

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

was brought against Mr. Krilich, they could not constitute "racketeering activity," and as such were legally insufficient to establish the basis for a RICO conviction. Mr. Krilich is therefore factually innocent of the RICO charge for which he was convicted.

      **a.    In The Light Of *Stogner v. California*, The Statute Of Limitations For State Criminal Prosecutions Must Be Viewed As A Substantive Aspect Of The Crime.**

The requirement that a defendant's underlying conduct be "chargeable under State law" indicates that conduct must be presently chargeable under State law at the time a federal RICO indictment is returned. But at the time of Petitioner's conviction and § 2555 petition, all the federal courts of appeals who had considered whether the statute mandated that the underlying conduct had to be chargeable at the time of commission or at the time of indictment held, in the Third Circuit's words, that "the words 'chargeable under State law in § 1961(1)(A) mean[t] 'chargeable under State law *at the time the offense was committed*.'" *United States v. Davis*, 576 F.2d 1065, 1067 (3d Cir. 1978); *accord United States v. Licavoli*, 725 F.2d 1040, 1046-47 (6th Cir. 1984); *United States v. Brown*, 555 F.2d 407, 418 n.22 (5th Cir. 1977). These courts reached this conclusion primarily on the ground that "the reference to state law in [RICO] is for the purpose of defining the conduct prohibited" as a *substantive* matter, not to incorporate state "procedural" rules, and that statutes of limitations were procedural rules. *Brown*, 555 F.2d at 418 n.22 (quotation omitted); *see also Licavoli*, 725 F.2d at 1047 ("The reference to state law in [RICO] is simply to define the wrongful conduct, and is not meant to incorporate state procedural law."); *United States v. Forsythe*, 560 F.2d 1127, 1135 (3d Cir. 1977) ("RICO incorporates the elements of those state law offenses for definitional purposes"); 31A Am. Jur. 2d Extortion, Blackmail, and Threats § 140 (2003) ("By incorporating state substantive law as a predicate for a federal racketeering charge, Congress did not incorporate state procedural and evidentiary rules into the RICO statute.").

In *Stogner*, however, the Supreme Court made it clear that the statute of limitations

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--8

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

of state criminal laws is in fact substantive and not procedural. To understand why the *Stogner* dictates this outcome, one must understand the background of the *ex post facto* issue in Stogner and its relationship to substantive RICO law. Prior to *Stogner,* the Supreme Court explained that the Ex Post Facto Clause draws the same kind of line that the courts of appeal have held is present in RICO's reference to state law: the Ex Post Facto Clause applies to changes in "the substantive law of crimes," *Collins v. Youngblood,* 497 U.S. 37, 45 (1990) – or as the Court earlier put it, "the legal definition of the offense," *Beazell v. Ohio,* 269 U.S. 167, 169-70 (1925) – but the Clause does not apply to changes that are "procedural," that is, that adjust "the procedures by which a criminal case is adjudicated." *Collins,* 497 U.S. at 45; *see also Hopt v. Utah,* 110 U.S. 574, 590 (1884) (Clause applies to "chang[ing] the ingredients of the offense" but not to changing evidentiary rules).

In light of this doctrine, the Supreme Court's holding in *Stogner* that the Ex Post Facto Clause applies to retroactive changes in limitations periods dictates that such periods are substantive in nature. In fact, the *Stogner* dissent made the same argument against the rule that the courts of appeals had made in the RICO cases mentioned above, namely that limitations periods do not change the "character of the offense." 123 S. Ct. at 2469 (Kennedy, J., dissenting). The majority determined otherwise. It held that a law that allows prosecution after a limitations period has expired makes the alleged crime at issue "greater than it was, when committed" because it "inflict[s] punishments, where the party was not, by law, liable to any punishment." *Id.* at 2450-51 (quoting *Calder v. Bull,* 3 Dall. 386, 389-90 (1798) (opinion of Chase, J.)) The limitations period therefore is a substantive component of the crime itself.

In so holding, the Supreme Court effectively abrogated the decisions of the federal circuit courts that had held that the phrase "is chargeable under state law" required only that the conduct be chargeable at the time it was committed. If the statute of limitations is

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--9

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

substantive, then RICO must incorporate the limitation as an element, which would dictate that the conduct be chargeable at the time the RICO charges were brought.

This result also is more in line with settled principles of statutory construction. Federal law provides that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise, . . . words used in the present tense include the future as well as the present." 1 U.S.C. § 1. The Supreme Court accordingly has made clear that the use of the present tense "strongly suggests" that the statute's descriptive term must be satisfied "in the present or the future, **not in the past**." *Gwaltney of Smithfield v. Chesapeake Bay Found.*, 484 U.S. 49, 60 (1987) (emphasis added). Most recently, in *Dole Food Co. v. Patrickson*, 123 S. Ct. 1655 (2003), the Court ruled that a statutory requirement that parties be entities "'a majority of whose shares or other ownership interest is owned by a foreign state,' . . . because it is expressed in the present tense, requires that instrumentality status be determined ***at the time suit is filed***." 123 S. Ct. at 1662 (emphasis added); *see also Ingalls Shipbuilding, Inc. v. Director, OWCP*, 519 U.S. 248, 255 (1997) ("[T]he use of the present tense (*i.e.*, 'enters') indicates that the 'person entitled to compensation' must be so entitled at the time of the settlement."); *G.R. Dickerson v. New Banner Institute, Inc.*, 460 U.S. 103, 116 (1983) ("The use of the respective tenses is significant and demonstrates that Congress carefully distinguished between present status and a past event."). Applying this general rule of construction to the circumstances here would dictate that Petitioner's RICO conviction is invalid because his underlying conduct was ***not*** chargeable under state law at the time he was indicted.

Finally, this outcome is consistent with the Supreme Court's earlier statement that a law that creates jurisdiction where it otherwise would not have existed changes "the ***substance*** of the existing action." *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 948 (1997) (emphasis added); *see also id.* at 950 (characterizing "extending a statute of limitations after the pre-existing period has expired" as akin to creating

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS
CORPUS--10

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

jurisdiction).

Given the substantive nature of the statute of limitations, if the limitations period for a state law crime has expired, that crime is *not* chargeable under state law.

### b. Since The Underlying Acts Were Not Chargeable Under State Law, They Could Not Establish A "Pattern Of Racketeering Activity"

Petitioner's indictment for RICO conspiracy alleged five predicate acts, *see* Exhibit B to the Carter-Eldred Decl., and the jury instructions required the jury to find unanimously that Petitioner committed two such acts. Two of these alleged state-law violations were not chargeable under state law because their limitations periods had expired, and they did not meet any of the other requirements of § 1961(a). Accordingly, these time-barred acts could not constitute predicate acts for a "pattern of racketeering activity." Where the predicate acts on which the government relied to prove a "pattern of racketeering activity" are legally insufficient, a RICO conspiracy under 18 U.S.C. § 1962(d) must be overturned. *Winter,* 663 F.2d at 1137; *United States v. Ruggeiro,* 726 F.2d 913, 921 (2d Cir. 1984).

The fact that there were three other predicate acts that may have been legally sufficient to establish the pattern does not cure this infirmity. The Second Circuit, when faced with this situation, held that a RICO conspiracy charge that was based in part upon predicate acts that were legally insufficient must be overturned. *Ruggiero,* 726 F.2d at 921. In that case, the indictment listed eight predicate acts, one of which the court found to be legally insufficient to establish racketeering activity. As the court explained, "absent some indication by the jury that its determination of guilt rested on two or more predicate acts that are legally sufficient, we are required to reverse the conviction because the legally insufficient predicate act . . . may have been necessary to the verdict." *Id.*; *see also United States v. Marcello,* 876 F.2d 1147, 1153 (5th Cir. 1989) (vacating RICO conviction for same reason and explaining that "where there is doubt as to whether a conviction is

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--11

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

predicated on an impermissible ground, that doubt must be resolved in the defendant's favor and the conviction vacated.") (*quoting Stromberg v. California*, 283 U.S. 359 (1931)). The same conclusion pertains here.

### B.   Petitioner's RICO Conviction Violates the Tenth Amendment.

Petitioner's RICO conviction, which is predicated on violations of state law bribery charges, violates the Tenth Amendment to the United States Constitution because it imposes a penalty for a violation of a state law that is greater than the punishment allowed under the state's criminal code.

The United States may not "impose cumulative penalties above and beyond those specified by state law for infractions of the state's criminal code by its own citizens." *United States v. Constantine*, 296 U.S. 287, 296 (1935). To do so "would obliterate the distinction between the delegated powers of the federal government and those reserved to the states and to their citizens." Id.

The predicate state acts on which Petitioner's RICO conviction is based are offenses under the Illinois bribery statute. The Illinois law against bribery indicates that the type of bribery of which Petitioner was accused is a Class Two Felony, carrying a sentence of not less than three and not more than seven years. *See* 720 ILL. COMP. STAT. 5/33-1(f) (1995); 720 ILL. COMP. STAT. 5/5-8-1(5) (1987). The RICO conviction, however, carries with it a sentence of up to twenty years. *See* 18 U.S.C. § 1963(a). In Petitioner's case, his RICO conviction, in concert with his Fraud conviction, resulted in a sentence of 135 months.

Federal statutes in which liability is expressly and solely based on violations of state law are beyond federal power unless federal interests outweigh the state interests and the interest of federalism. *See California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc.*, 445 U.S. 97, 113-14 (1980); *United States v. Ianniello*, 808 F.2d 184, 194 (2d Cir. 1986) (citing *Constantine*).

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--12

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

Petitioner's RICO conviction also violates the Tenth Amendment since the activity alleged in the indictment was no longer chargeable under state law at the time Petitioner was indicted. The United States therefore punished him based on state law for a crime which was no longer even chargeable in the state itself.

This RICO conviction subjects Petitioner to the very evil that *Constantine* prohibits—he has been sentenced by a federal court for a violation of a state law in excess of the maximum sentence allowed under the law of the state. This is a violation of Petitioner's rights under the Tenth Amendment, and his sentence should be vacated.

### C. The Forfeiture Orders Against Petitioner Are Unconstitutional

#### 1. The Forfeitures Were Unconstitutional Because They Constitute Both "Forfeiture of Estate" and "Corruption of Blood."

The court's order that Petitioner forfeit his real estate interest in his golf course[2] violates the Constitution's prohibition on "corruption of blood and forfeiture of estate" because they are forfeitures which extend beyond the natural life of Petitioner.

The Constitution, in setting out the power of Congress to punish treason, prohibits "corruption of blood or forfeiture except during the life of the person attained." U.S. CONST. art. III § 3, Cl. 2. Indeed, no criminal conviction may be the basis for the corruption of blood or any forfeiture of estate. 18 U.S.C. § 3563. Because an interest in real estate descends to the owner's heirs upon death, the government cannot seize an individual's real estate beyond the term of the owner's natural life, as such a seizure would amount to punishing the heirs for the crime of the parent. *See Bigelow v. Forest*, 76 U.S. 339, 352, (1869) (holding that the son of a person whose land was seized under the Confiscation Act of 1862 could bring an action to reclaim the property).

The legislative history of RICO itself reflects a concern on the part of the legislature that RICO not be used to effectuate such unconstitutional forfeitures:

---

[2] Petitioner had owned and operated the golf course for nearly twenty years prior to these charges.

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--13

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

Criminal forfeiture and corruption of blood were outlawed by the First Congress in 1790. The Present Statute, 18 U.S.C. 3563, provides: "No conviction or judgment shall work corruption of blood or any forfeiture of estate." Under the broad gauged language of Title IX, we leave that 180 year old standard. We think the potential scope for the deprivation of property by criminal forfeiture constitutes a threat to legitimate business far beyond what should be the ken of a bill aimed at organized crime.

Organized Crime Control Act P.L. 91-452, House Report (Judiciary Committee) No 91-1549, Sept 30, 1976, p. 4083.

The fears of the committee have clearly come to pass. Here, the court has ordered the forfeiture of Petitioner's real estate, a punishment that will extend beyond his natural life. Such a punishment is a violation of the Constitutional Prohibition against forfeiture except during the life of the person, and should be vacated.

### 2. The Forfeitures and Fines Ordered Against Petitioner Violate the Eighth Amendment's Prohibition Against Excessive Fines

The forfeitures ordered by the trial court of $6,241,506.99, 428,590.63, and $2,000,000, as well as the fine of $1,000,000 were excessive fines in violation of the Eighth Amendment to the United States Constitution.

The United States Constitution prohibits punishment of criminal defendants by excessive fines. U.S. CONST. amend. VIII. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998) (holding forfeiture of $357,144 excessive for failure to report exported currency). "Since RICO's forfeiture provision is quite literally without limitation, it may well exceed constitutional bounds in any particular case." *United States v. Busher*, 817 F.2d 1409, 1414 (9th Cir. 1987) (Remanding forfeiture order to District Court to consider whether forfeiture under RICO was grossly disproportionate to the offense committed); *on appeal after remand at United States v. Busher*, 872 F.2d 431 (holding that a fine of $420,000 for a fraud amounting to $335,000 was not excessive).

As the court in *Busher* court noted:

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--14

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

> Busher claims that the forfeiture of his entire interests in ATL, J.W. Contracting and the Nevada real estate is grossly disproportionate to the offenses for which he was convicted.... Our review of the relevant Supreme Court cases, particularly *Solem* [*v. Helm*, 463 U.S. 277], convinces us that Busher has raised legitimate concerns as to the constitutionality of the forfeiture ordered in this case. RICO's forfeiture provision affords the trial court no discretion. Once the jury determines that property was acquired, maintained or operated in violation of section 1962, it must find forfeitable the defendant's entire interest in that property. 18 U.S.C. § 1963(a). Moreover, the statute gives the district judge no authority to exclude from the forfeiture order any of the property the jury finds is covered by the liberal language of section 1963(a). *See United States v. Godoy*, 678 F.2d 84, 88 (9th Cir.1982), *cert. denied*, 464 U.S. 959, 104 S.Ct. 390, 78 L.Ed.2d 334 (1983). But RICO's breadth and inflexibility counsels caution, for "no penalty is per se constitutional." *Solem*, 463 U.S. at 290, 103 S.Ct. at 3009-10.

*Busher*, 817 F.2d at 1414.

Only $40,000 changed hands as part of the alleged misconduct at the "Hole-in-One" golf tournament.[3] Petitioner's fine of $2,000,000 as punishment for a fraud that amounted to only $40,000 is grossly disproportionate and violates the Eighth Amendment. The money generated through the Industrial Revenue Bonds that the government alleges were issued as a result of the bribery did not go to the Petitioner. The indictment itself alleges only modest amounts of money exchanged through the alleged misconduct: Overt Act No. 2 alleges a $40,000 bribe, Overt Act No. 4 alleges a $25,000 bribe, and Overt Act No. 5, as was proven at trial, involved only a $200.00 bribe.

The punishment does not fit the crime. Less than $100,000 changed hands, yet petitioner is now faced with millions of dollars of fines and forfeitures. It is this type of gross disproportionality against which the Eighth Amendment protects criminal defendants.

---

[3] In addition, the 40,000 allegedly paid to the Mayor's son was not used to "invest...in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities which effect, interstate commerce," as required for a violation of 18 U.S.C. § 1963 (a), nor was the money used to violate subsection (b) or (c), which require a showing that the defendant "acquire or maintain...control of any such enterprise" or "conduct or participate...in the conduct of such and enterprise," respectively. The $40,000 could not form the basis of 18 U.S.C. §1962.

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--15

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

In addition, petitioner maintains his actual innocence of the bribery charges, as the fact that city officials extorted money from Petitioner does not mean that he bribed those officials. "There is some authority that one can be a victim of extortion but not a briber." *United States v. Shober*, 489 F.Supp. 393, 403 (E.D. Pa. 1979); *see also United States v. Holzer*, 840 F.2d 1343, 1351 (7th Cir. 1988).

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--16

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

## V. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Writ of Habeas Corpus should be granted.

DATED this 9th day of July, 2004.

By *Peerapong Tantamjarik by Sel[?]*
Peerapong Tantamjarik, BBO # 654179
Davis Wright Tremaine LLP
Suite 600
One Embarcadero Center
San Francisco, California 94111-3611
(415) 276-6500

Jeffrey L. Fisher
Scott Carter-Eldred
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101
(206) 622-3150

Attorneys for Petitioner Robert C. Krilich, Sr.

MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS--17

SEA 1506391v2 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699