IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
AT BOSTON

Robert Krilich, Sr.,

    Petitioner,

v.

DAVID WINN, Warden, Federal Medical Center, Devens, Massachusetts,

    Respondent

No. 04-40111-DPW

AMENDED MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS

## I.    INTRODUCTION

Petitioner hereby amends his Memorandum in Support of his Petition for Writ of Habeas Corpus. This pleading incorporates by reference all the facts and arguments presented in Petitioner's *pro se* and counseled Petitions for Habeas Corpus. In addition to the points cited therein, Petitioner now argues that his sentence violates his Sixth Amendment right to a trial by jury, as that Amendment has been interpreted by the Supreme Court in *Blakely v. Washington*, 124 S.Ct 2531 (2004).

## II.    STATEMENT OF THE CASE

Petitioner hereby incorporates by reference the facts recited in his *pro se* and counseled petitions. In addition, petitioner presents the following facts.

Petitioner was originally sentenced to 64 months' incarceration. *See Krilich v. United States*, 257 F.3d 689, 690 (7th Cir. 2001). This sentence included an increase of seven offense levels above the base level mandated by his conviction. *Krilich v. United States*, 159 F.3d 1020, 1029-30 (7th Cir. 1998). The increase was based on a judicial

AMENDED MEMORANDUM IN SUPPORT OF PETITION
FOR HABEAS CORPUS— 1

SEA 1530171v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  finding that petitioner's financial benefit from the charged activity was between $5 million
2  and $10 million. Id. The judge found that this gain would mandate an increase of 14
3  offense levels, but also found that such an increase "significantly overstate[d] the
4  seriousness of Krilich's conduct." Id. The court accordingly reduced petitioner's sentence
5  by seven offense levels and imposed the 64 month sentence. The Court of Appeals
6  reversed the sentence and, criticizing the district court's findings of fact, remanded to the
7  district court for resentencing. Id at 1030-31. On remand, the district court sentenced
8  petitioner to 87 months, this time based on an increase in petitioner's offense level of 10
9  levels. *Krilich*, 159 F.3d at 691. The district court this time found an increase of 15 levels
10 based on financial benefit of $14 million dollars, but reduced the offense level by 5 based
11 on petitioner's ailing health. Id.

12    The Court of Appeals again reversed, holding that "[t]he district court's finding that
13 the gain was $14 million was supported by the record," and directing the district court to
14 impose a sentence of 135 to 168 months. Id. At the direction of the Court of Appeals, the
15 district court entered a final sentence of 135 months, based on an Offense Level of 32, a 15
16 level increase above that mandated by the conviction alone. See Final Verdict Form,
17 attached as Exhibit F to Petitioner's Motion in Support of his Amended Motion for Writ of
18 Habeas Corpus ("Amended Habeas"); U.S. SENTENCING GUIDELINES MANUAL §§ 2.C1.1,
19 2.F1.1, 5.A (2000).

20    Without this elevation in offense level, petitioner would have had an offense level
21 of 17 and a criminal history score of II, resulting in a sentence of 27-33 months. *See* U.S.
22 SENTENCING GUIDELINES MANUAL §5.A. Petitioner has been incarcerated for over 80
23 months.

24    At no point, either at trial or during any of the ensuing litigation, did a jury find that
25 petitioner reaped a financial benefit of $14 million, or make any kind of specific findings

26
27

AMENDED MEMORANDUM IN SUPPORT OF PETITION
FOR HABEAS CORPUS— 2

SEA 1530171v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

regarding the facts underlying the increase made in petitioner's offense level. *See* Verdict Form, Exhibit A to the Amended Habeas.

### III. JURISDICTION AND VENUE

Petitioner hereby incorporates by reference its jurisdiction and venue section from its *pro se* and counseled petitions. In addition, peitioner makes the following points.

18 U.S.C. §2241 is the appropriate remedy for petitioners being held beyond the expiration of their sentences. *See United States v. Garcia-Gutierrez*, 835 F.2d 585 (5th Cir. 1988). In light of *Blakely v. Washington*, 124 S.Ct 2531 (2004), petitioner argues below that his sentence has expired, and he is therefore being held unlawfully. The statutory maximum to which petitioner could have been sentenced was 27-33 months. He has already been incarcerated for over 80 months. This claim is therefore cognizable under 18 U.S.C. § 2241.

### IV. ARGUMENT AND AUTHORITY

Petitioner incorporates by reference all the argument and authority from its *pro se* and counseled petitions, and further argues as follows.

Petitioner was sentenced based on a *judicial finding* of fact determining the offense level of his crime, in violation of his Sixth Amendment right to a trial by jury, as that right was explained in the Supreme Court's recent opinion in *Blakely v. Washington*, 124 S.Ct 2531 (2004).

In *Blakely,* the defendant pleaded guilty to second degree kidnapping with a firearm, a class B felony. While Washington law set a statutory maximum of ten years for class B felonies, other provisions further limited the ultimate sentence. With respect to Mr. Blakely's charge, Washington law established a standard range of 49 to 53 months' imprisonment, but also permitted the judge to increase the sentence beyond that range based on facts found by the judge. Pursuant to this scheme, the trial judge sentenced the defendant to 90 months in prison. *See Blakely*, 124 S.Ct at 2534-36.

AMENDED MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS— 3

SEA 1530171v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

The Supreme Court found that this sentence violated the Defendant's Sixth Amendment right to a trial by jury. *Blakely*, 124 S.Ct at 2537-40. The court held that the case was controlled by "the rule expressed in *Apprendi v. New Jersey* [530 U.S. 466 (2000)] ....'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" Id. at 2536. The court explained that, in both *Apprendi* and *Ring v. Arizona*, 536 U.S. 584 (2002), it had concluded that "the defendants constitutional rights had been violated because the judge had imposed a sentence greater than the maximum he could have imposed under state law without the challenged factual finding." Id. at 2537. In *Blakely*, the facts used for the sentence enhancement "were neither admitted by [the defendant] or found by a jury," and could therefore not constitutionally justify the sentence imposed. Id.

It made no difference, the Court observed, that Blakely's sentence was less than the ten year maximum imposed as the upper limit for Class B felonies:

> Our precedents make clear, however, that the "statutory maximum" for *Apprendi* purposes, is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge his exceeds his proper authority.

*Blakely*, 124 S.Ct. at 2537 (emphasis in original, citations omitted). The court made clear that "as *Apprendi* held, every defendant has the *right* to insist to insist that the prosecutor prove to the jury all facts legally essential to the punishment." Id. At 2543 (emphasis in original).

As Justice O'Connor explained in her dissent in *Blakely*, under the holding, "any fact that increases the upper bound on a judge's sentencing discretion is an element of the offense. Thus, facts that historically have been taken into account by sentencing judges to

AMENDED MEMORANDUM IN SUPPORT OF PETITION
FOR HABEAS CORPUS— 4

SEA 1530171v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

assess a sentence within a broad range--such as drug quantity, role in the offense, risk of bodily harm--all must now be charged in an indictment and submitted to a jury...." 124 S.Ct. at 2546 (O'Connor, J., dissenting, citations omitted). O'Connor further observed that the "constraints found throughout chapters 2 and 3 of the Federal Sentencing Guidelines, which require an increase in the sentencing range upon specified factual findings, will meet the same fate. See, e.g., USSG §2K2.1 (increases in offense level for firearms offenses based on number of firearms involved, whether possession was in connection with another offense, whether the firearm was stolen); §2B1.1 (increase in offense level for financial crimes based on amount of money involved, number of victims, possession of weapon); §3C1.1 (general increase in offense level for obstruction of justice)." Id. at 2550.

Petitioner's sentence was based on precisely these types of judicial findings, and therefore suffers from the same constitutional defect as the sentence in *Blakely*. His sentence was enhanced based on facts that "were neither admitted by the defendant nor found by a jury." *Blakely*, 124 S.Ct at 2537. The district court and Court of Appeals increased petitioner's sentence beyond the otherwise applicable guidelines based on their judicial finding that petitioner's benefit from his activity was $14 million. These courts, not any jury, increased petitioner's offense level by 15 levels based on § 2 of the Guidelines Manual, the very section O'Connor explained must now meet the "same fate" as the Washington guidelines in *Blakely*.

Several other federal courts have already held that a judicial finding of fact that results in an increase in offense level (and thereby an increase in the length of the sentence) is a violation of *Blakely*. See *United States v. Ameline* 2004 WL 1635808, *6 (9th Cir. 2004) (increase in offense level based on judicial finding of fact violates the Sixth Amendment); *United States v. Booker*, 2004 WL 1535858, *2 (7th Cir. 2004) (same)

AMENDED MEMORANDUM IN SUPPORT OF PETITION
FOR HABEAS CORPUS— 5
SEA 1530171v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

*petition for cert. filed*, July 21, 2004; *United States v. Shamblin*, 2004 WL 1468561, *7-8 (S.D.W.Va. 2004) (same).

Under *Blakely*, the "statutory maximum" in this case, the maximum sentence that the court could have imposed "solely on the basis of the facts reflected in the jury verdict," 124 S.Ct at 2537, was 27-33 months, based on a base offense level of 17 and a criminal history score of II. *See* U.S. SENTENCING GUIDELINES MANUAL §5.A. The district court, however, increased the offense score by 15 levels and sentenced petitioner to 135 months, based on offense score of 32. This sentence exceeded the statutory maximum allowed, based on facts that were "neither admitted by the defendant or found by a jury." 124 S.Ct at 2537. Just as in *Blakely*, "the judge inflict[ed] a punishment that the jury's verdict alone does not allow," and therefore, "the jury has not found all the facts 'which the law makes essential to the punishment' and the judge exceed[ed] his proper authority." Id.

The portion of Petitioner's sentence that exceeds the 27-33 months which was the statutory maximum in this case is unconstitutional. The Court should invalidate those portions of his sentences that exceed this range, as they constitute sentencing enhancements that were imposed based on a judicial finding of fact in violation of Petitioner's Sixth Amendment right to trial by jury. As Petitioner has already served more than that statutory maximum, he is being held beyond the expiration of his sentence, and this Court should grant his release.

AMENDED MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS— 6

SEA 1530171v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

## V.   CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus should be granted.

DATED this 26th day of July, 2004.

                Davis Wright Tremaine LLP
                Attorneys for Petitioner Robert C. Krilich, Sr.


                By ____/s Peerapong Tantamjarik_____
                    Peerapong Tantamjarik, BBO # 654179
                    Davis Wright Tremaine LLP
                    Suite 600
                    One Embarcadero Center
                    San Francisco, California 94111-3611
                    (415) 276-6500

                    Jeffrey L. Fisher
                    Scott Carter-Eldred
                    Davis Wright Tremaine LLP
                    2600 Century Square
                    1501 Fourth Avenue
                    Seattle, WA 98101
                    (206) 622-3150

                    Attorneys for Petitioner Robert C. Krilich, Sr.

AMENDED MEMORANDUM IN SUPPORT OF PETITION FOR HABEAS CORPUS— 7

SEA 1530171v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699