IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ROBERT KRILICH, SR.,
    Petitioner

v.  :  Civil Action NO. 04-40111-DPW

WARDEN DAVID WINN,
    Respondent

---

## MOTION TO DISMISS SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER TITLE 28, U.S.C. §2241

Respondent David L. Winn, Warden of Federal Medical Center, Devens, by and through Michael J. Sullivan, United States Attorney, District of Massachusetts, and Lori J. Holik, Assistant United States Attorney, hereby moves to dismiss Petitioner's Second Amended Writ of Habeas Corpus Under Title 28, U.S.C. §2241.

A.    Relevant Procedural History/The Various Petitions

The following facts are drawn from Krilich's petitions, the criminal docket for 94-Cr-419, United States v. Krilich, U.S. District Court, Northern District of Illinois (attached hereto as Exhibit A),[1] and an unpublished Order of the United States Court of Appeals, Seventh Circuit, dated December 31, 2002 in Krilich

---

[1] References to docket entries are cited as "D.___."

1

v. United States, No. 02-3161 (attached hereto as Exhibit B).

On September 14, 1995, a jury found the petitioner guilty as to all counts of a superseding indictment (D. 96), charging the petitioner with violations of 18 U.S.C. §1962(d)(bribery), 18 U.S.C. §1014 (false statements to a lending or credit institution), 18 U.S.C. §2 (aiding and abetting) (D.38). The petitioner was sentenced three times following that conviction. The first two sentences were vacated by the Seventh Circuit (159 F.3d 1020 (1998) and 257 F.3d 689 (2001)); the third was affirmed by the attached order dated December 31, 2002 (D.479, 480).[2] Throughout those proceedings, the petitioner's sentence of imprisonment increased from 64 months to 87 months to 135 months.

The petitioner has previously filed motions pursuant to 28 U.S.C. §2255, including, according to the petitioner and the Seventh Circuit, eight attempts to argue *ex post facto* claims:

> Krilich sought collateral review of the first sentence. That petition was denied by the district court, and we declined to issue a certificate of appealability. Now we have Krilich's collateral attack on his second sentence. What significance this could have is unclear, given that the second sentence was vacated more than a year ago. But the district court denied this petition on the merits, and Krilich seeks a certificate of appealability.
>
> The district court should not have entertained Krilich's request. It is his second collateral attack and therefore required this court's approval under 28 U.S.C. §2255 ¶8. Krilich did not seek permission to file, and the argument he presents - that the court violated the

---

[2] The convictions were affirmed and the petitioner does not claim factual innocence.

2

Constitution's Ex Post Facto Clause by considering, when
imposing sentence, the loss inflicted by his offenses - does
not meet the statutory criteria for a second or successive
collateral attack. Krilich's lawyers may believe that §2255
¶8 does not apply because he has been sentenced more than
once. But we held in *Dahler v. United States*, 259 F.3d 763
(7th Cir. 2001), that resentencing resets the counter for
purposes of §2255 ¶8 only if the collateral attack concerns
an issue that first arises at the resentencing. Krilich's
argument, by contrast, has been in the case all along. His
application for a certificate of appealability opens by
saying that "[t]his is the eighth time the petitioner has
attempted to have his ex post facto constitutional claim
addressed by a federal court." It was raised on Krilich's
initial appeal to this court, and it was resolved then.

Order, December 31, 2002, Exhibit B.

Petitioner currently appears to be incarcerated in the district of Massachusetts. The initial petition filed in this District objects to the ever increasing length of his imposed period of imprisonment and the standard applied by the Appeals Court in each review of those successive sentencings. The first amended, or "counseled," petition argues that the "savings clause" of 28 U.S.C. §2255 allows this petitioner to seek habeas relief under §2241 because §2255 is "inadequate or ineffective to test the legality of his detention." The second amended petition argues that petitioner's sentence violates his Sixth Amendment right to a trial by jury as that Amendment has been interpreted in Blakely v. Washington, 124 S.Ct. 2531 (2004).

B.  Argument

Krilich's petition for relief pursuant to 28 U.S.C. §2241 should be dismissed because this Court lacks jurisdiction to

entertain a collateral attack on petitioner's conviction or sentence pursuant to 28 U.S.C. §2241 or any other statute. Habeas corpus relief as provided by 28 U.S.C. §2241 is available for a federal prisoner only where he is challenging the execution of his sentence as contrasted with the imposition of the sentence or the substance underlying the imposition. Courts have repeatedly held that federal prisoners may use 28 U.S.C. §2241 "to attack [only] the execution, rather than the validity, of their sentences." United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000); accord Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998) (domain of 28 U.S.C. § 2241 is motions "concerning the execution but not the validity of the conviction and sentence -- for example, a motion contending that the prison unlawfully deprived a prisoner of good time credits, or that parole officials unconstitutionally denied an application for release").

A federal prisoner who seeks to attack the validity of his sentence or conviction must rely on 28 U.S.C. §2255 and must file the motion in the court of conviction. See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (petition pursuant to 28 U.S.C. § 2255 is proper way to attack the "imposition or illegality of the sentence"); accord Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. §2255, not 28

4

U.S.C. §2241(c)"), cert. denied, 452 U.S. 920 (1981); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence . . . is that provided for in 28 U.S.C. §2255.") (internal quotation marks omitted; citation omitted). Section 2241 claims are distinct from those cognizable under 28 U.S.C. §2255; thus, habeas corpus under §2241 "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under §2255." Williams v. United States, 323 F.2d 672 (10th Cir. 1963) (per curiam).

Without more, the above authority disposes of all of the arguments raised in Krilich's initial petition, incorporated by reference in all of his successive filings. However, in his first and second amended petitions, Krilich argues that the savings clause of §2255 permits him to proceed under §2241 as a means of seeking relief, even though he is not in any bona fide way challenging the execution of his sentence.[3]

The "savings clause" of §2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by

---

[3] In recognition of the standard he must, but cannot, meet, the Second Amended Petition attempts to characterize petitioner's Blakely claim as resulting in the petitioner's being held beyond the expiration of his sentence (Second Amended Petition Memorandum, p.6), all in an effort to cast the petition appropriately within the bounds of a §2241 claim. It is not.

5

motion, to the court which sentenced him or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

(Emphasis added). As the courts of appeals have repeatedly held, §2255 does not become "inadequate or ineffective" merely because a prisoner cannot meet the procedural requirements for relief under §2255. See, e.g., Barrett, 178 F.3d at 50 (noting that such a result would make Congress's AEDPA amendment of §2255 "a meaningless gesture"); United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§2255 is not automatically "inadequate or ineffective," such that federal prisoner can file petition under §2241, just because statute of limitations for filing §2255 has run); Charles, 180 F.3d at 756 (procedural bar in seeking relief pursuant to §2255 does not render §2255 "inadequate or ineffective"); Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999) (finding §2255 inadequate or ineffective just because person could not obtain relief or was procedurally barred from filing under §2255, would "eviscerate Congress's intent in amending" §2255); In re Davenport, 147 F.3d 605, 609-10 (7th Cir. 1998) (that limitations imposed by AEDPA on §2255 prevent prisoner from obtaining relief under that section does not render remedy inadequate such that he may turn to §2241: "That can't be right; it would nullify the limitations"); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (§2255 not "inadequate or ineffective" because petitioner is unable to meet "stringent

6

gatekeeping requirements" imposed by AEDPA on §2255); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc) (§2255's remedy not made inadequate or ineffective because prisoner procedurally barred from filing §2255 motion); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) (if prisoner prevented from bringing §2255 petition could, 124 F.3d at 377-378, Dorsainvil without more, establish entitlement to §2241 petition, "then Congress would have accomplished nothing at all in its attempts - through statutes like the AEDPA - to place limits on federal collateral review").

Krilich does not fall within that limited set of circumstances in which the courts of appeals, including the First Circuit, have found §2255's remedy inadequate or ineffective so as to permit application under §2241. See Barrett, 178 F.3d at 51-53 (agreeing with other courts that "habeas corpus relief under §2241 remains available for federal prisoners in limited circumstances," but finding it "unnecessary to articulate those circumstances precisely"). While the First Circuit, following the Second, Third, and Seventh Circuits in Triestman, 124 F.3d at 377-378, Dorsainvil, 119 F.3d at 251-252, and Davenport, 147 F.3d at 609-610, has held that a claim of "actual innocence" may make the provisions of §2255 inadequate or ineffective and thereby enable a petitioner to use §2241 to raise his claim (Barrett, 178 F.3d at 52-53), it is very clear that "actual innocence" means

7

"factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Here, Krilich is not actually innocent (nor does he claim factual innocence) of the charges on which he was convicted.

In the first amended petition, Krilich argues that the Supreme Court's decision in Stogner v. California, 123 S.Ct. 2446 (2003), operates to bring Krilich's habeas quest within the parameters of §2241. However, that decision cannot be read to have changed the substantive RICO law such that Krilich qualifies for §2241 consideration under the line of cases cited by petitioner, stemming from Bailey v. United States, 516 U.S. 137 (1995). In the second amended petition, Krilich argues that he is entitled to §2241 relief pursuant to Blakely. This argument, too, fails: if ultimately applied retroactively to the federal sentencing guidelines by the Supreme Court, the Blakely argument would entitle Krilich to bypass the AEDPA gatekeeping requirements for purposes of filing a §2255 in the district of his conviction. It would not confer the ability to file a §2241 petition in this district.

C. Conclusion

None of the three petitions filed by Krilich meet the considerable burden of establishing that his §2255 claims should be considered in this jurisdiction under §2241. Krilich's issues can only properly be raised in a §2255 motion, which he concedes

8

would of necessity be styled as a successive §2255 motion. Such a successive motion would require certification by a panel of the appropriate court of appeals to contain newly discovered evidence that proves the movant's innocence or "a new rule of Constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." It is clear that a prisoner "cannot evade the restrictions of §2255 by resort to the habeas statute, 28 U.S.C. §2241." Barrett, 178 F.3d at 38. Jurisdiction does not lie in the district of incarceration and Krilich's Second Amended Petition, incorporating the others by reference, should be dismissed.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: _____
>LORI J. HOLIK
>Assistant U.S. Attorney

Date: September 7, 2004

CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2004, I caused a copy of the above to be served on the Petitioner by causing same to be mailed, first class mail, postage prepaid, to his counsel of record.

>_____
>Lori J. Holik
>Assistant U.S. Attorney

9