IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
AT BOSTON

| | |
|---|---|
| ROBERT C. KRILICH, SR., <br><br> Petitioner, <br><br> v. <br><br> DAVID WINN, Warden, Federal Medical Center, Devens, Massachusetts, <br><br> Respondent. | No. 04-40111-DPW <br><br> MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS AMENDED PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner has filed a Petition for Habeas Corpus Review pursuant to 28 U.S.C. §2241. Respondent David L. Winn has moved to dismiss Petitioner's Habeas Petition on the grounds that the Court lacks jurisdiction to consider this motion, and that §2241 is the improper vehicle for his claims. Construing the facts and inferences in the light most favorable to the Petitioner, however, the claims contained in Petitioner's amended Motion are properly brought as claims under §2241, and this Court therefore has jurisdiction to hear them.

## II. ARGUMENT

Petitioner's claims pursuant to the Supreme Court's decision *Stogner v. California* are properly brought under §2241 because, as a result of that decision, Petitioner is factually innocent of the RICO charges against him, but is unable to bring a successive §2255 motion. §2255 is therefore inadequate and ineffective, so he must use §2241 to

MEMORANDUM IN RESPONSE TO GOVERNMENT'S MOTION TO DISMISS— 1

SEA 1548010v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

prevent a miscarriage of justice. Petitioner's claims pursuant to the Supreme Court's decision in *Blakely v. Washington* are properly brought under §2241 because, as a result of that decision, Petitioner is now being held past the expiration of his legal sentence, which constitutes one of the specific circumstances for which §2241 relief is appropriate. Since §2241 is the proper vehicle for relief in this case, this Court has jurisdiction over the Petitioner, and venue is proper.

In considering a motion to dismiss a new cause of action for lack of jurisdiction, the Court should consider the facts alleged in the underlying filing to be true and should construe the facts and arguments in the pleading "in favor of the pleading party." *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Monohan v. Dorchester Counseling Center, Inc.*, 961 F.2d 987, 988 (1st Cir. 1992). This Court, then, must accept that the Petitioner will be able to prove that he deserves relief in the manner he describes in his petitions. If the Court accepts the substantive arguments in the amended petition, then §2241 is clearly the proper procedural mechanism for pursuing these claims, and this court has jurisdiction, as the Petitioner explained in his amended petition.

Petitioner's claims based on *Stogner v. California* are just like the *Bailey* claims described in *United Reyes-Requena*, 243 F.3d 893 (5th Cir. 2001), *in re: Jones*, 226 F.3d 328 (4th Cir. 2000), *Triestman v. United States,* 124 F.3d 361 (2d. Cir. 1997), and *in re: Dorvansail*, 119 F.3d 245 (3d Cir. 1997). In his First Amended Habeas Petition, Petitioner argued the Supreme Court's recent decision in *Stogner v. California* effectively altered the substantive criminal law under which Petitioner was convicted such that he could not be convicted of the conduct with which he was charged. Specifically, Petitioner argues that his RICO conspiracy conviction was based on "overt acts," which, in light of *Stogner*, were not chargeable under state law, and, as such, were not legally sufficient to establish a

MEMORANDUM IN RESPONSE TO GOVERNMENT'S
MOTION TO DISMISS— 2

SEA 1548010v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

1  "pattern of racketeering activity," an essential element of his conviction. He was and is,
2  therefore, factually innocent of the charges against him.[1]

3  Since Petitioner has already completed litigation of his § 2255 motion, and because
4  the substantive law governing his conviction has changed since this motion such that he
5  could not be convicted of his offense, seeking a writ of habeas corpus under § 2241 is the
6  appropriate remedy. *See Jones*, 226 F.3d at 334; *Triestman*, 124 F.3d at 380. Without
7  such relief, Petitioner would be without remedy to challenge a conviction for which he is
8  factually innocent, a result that would raise serious constitutional questions. *Id.*

9  Based on the Supreme Court's ruling in *Blakely v. Washington*, Petitioner is now
10 also arguing that he is being held beyond the expiration of his legal sentence. Based on
11 *Blakely*, Petitioner's sentence could, at maximum, be computed as 33 months. Petitioner
12 has already served 80 months; he is being held beyond the expiration of his sentence. 18
13 U.S.C. §2241 is the appropriate remedy for petitioners being held beyond the expiration of
14 their sentences. *See United States v. Garcia-Gutierrez*, 835 F.2d 585 (5th Cir. 1988).

15 Where §2241 is the appropriate vehicle for relief, the judicial district in which the
16 Petitioner is incarcerated is the appropriate place to bring the petition. *See United States v*
17 *Hayman*, 342 U.S. 205 (1952). Petitioner is currently held at the Federal Medical Center
18 in Devens Massachusetts, which is within the Federal District of Massachusetts. This
19 Court has jurisdiction over this matter, and venue is proper in this Court.

20 The government goes to great lengths in its motion to convince the Court that
21 §2241 is an unusual vehicle for a federal prisoner to pursue his appeals. Petitioner
22 acknowledged this fact in his amended petition, but explained why his unusual
23 circumstances mandate that he use §2241.

24
25
26 [1] The Government asserts in its motion that Petitioner does not claim factual innocence.
27 Government Brief at p. 8. This is incorrect. In the amended petition and here again in response, Petitioner asserts his factual innocence of the RICO charges against him.

MEMORANDUM IN RESPONSE TO GOVERNMENT'S
MOTION TO DISMISS — 3

SEA 1548010v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699

### III. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss Second Amended Petition for Writ of Habeas Corpus should be denied.

DATED this 20th day of September, 2004.

                        Davis Wright Tremaine LLP
                        Attorneys for Petitioner Robert C. Krilich, Sr.

By    /s Peerapong Tantamjarik
Peerapong Tantamjarik, BBO # 654179
Davis Wright Tremaine LLP
Suite 600
One Embarcadero Center
San Francisco, California 94111-3611
(415) 276-6500

    Jeffrey L. Fisher
    Scott Carter-Eldred
    Davis Wright Tremaine LLP
    2600 Century Square
    1501 Fourth Avenue
    Seattle, WA 98101
    (206) 622-3150

    Attorneys for Petitioner Robert C. Krilich, Sr.

MEMORANDUM IN RESPONSE TO GOVERNMENT'S MOTION TO DISMISS — 4
SEA 1548010v1 65547-1

Davis Wright Tremaine LLP
LAW OFFICES
2600 Century Square · 1501 Fourth Avenue
Seattle, Washington 98101-1688
(206) 622-3150 · Fax: (206) 628-7699