```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


ROBERT KRILICH, SR.,           )
     Petitioner,               )    CIVIL ACTION NO.
                               )    04-40111-DPW
          v.                   )
                               )
WARDEN DAVID WINN,             )
     Respondent.               )
```

## MEMORANDUM AND ORDER
December 20, 2004

In this habeas corpus proceeding, petitioner, who has collaterally attacked his judgment unsuccessfully under 28 U.S.C. § 2255 in the Northern District of Illinois, contends that, because § 2255 is no longer effectively available to him, he is entitled to renew his challenge under 28 U.S.C. § 2241 in this District.  Finding the petitioner is challenging the validity of his judgment on grounds of subsequent Supreme Court precedent, I conclude that (1) § 2255 provides his proper avenue of relief and (2) this District is not the proper venue for the petitioner to file such a § 2255 petition.  I note, in addition, it is unlikely that he may initiate another § 2255 petition on the instant grounds until the Supreme Court holds retroactive the new case law upon which he purports to rely.

In an effort to assert § 2241 jurisdiction in this court, the petitioner styles his claim as one challenging the execution of his sentence.  But his pleadings make clear that it is the validity of the sentence that is at issue because his contentions

are that (a) the holding of the Stogner v. California, 123 S. Ct. 2446 (2003) effectively deprived his RICO conviction of legal sufficiency and (b) that the holding of Blakely v. Washington, 124 S Ct. 2531 (2004) effectively requires vacation of his sentence.

Distinctions between § 2241 and § 2255 bear directly on whether this Court has jurisdiction to review the petitioner's claims.  I will provide a brief overview of those distinctions before turning to their application in this case.

A § 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian; in contrast, a motion under § 2255 must be brought in the sentencing court. United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999), cert denied, 528 U.S. 1176 (2000).  The basis for this distinction is that a writ of habeas corpus under § 2241 is subject to the specific statutory direction that it must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243; Braden v. 30th Judicial Circuit, 410 U.S. 484, 499-500 (1973); Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert denied, sub nom., Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); accord, Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001).

A petition for writ of habeas corpus under § 2241 generally challenges the manner, location, or conditions of a sentence's execution. Gonzalez, 150 F. Supp. 2d at 240; accord, Barrett, 178 F.3d at 50 n. 10 (§ 2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976)(same); Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001). In contrast, a motion to vacate, set aside, or correct a sentence under § 2255 provides the primary means of a collateral attack on the validity of a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n.15 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000) (motion under § 2255 is the "'exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.'") (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)).

Since it appears petitioner's Stogner and Blakely challenges are attacking not the "execution" of the sentence, but the actual underlying conviction and the sentence itself, the proper district in which to make this attack is the Northern District of Illinois, subject to the limitations imposed upon a second or

successive petition[1].

    While both § 2241 and § 2255 on their face authorize challenges to the legality of a petitioner's continued federal custody, "[i]t is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general

---

[1] I note that in an analogous situation I have held that there is no jurisdiction in this Court for a Massachusetts inmate's § 2241 habeas petition based on a challenge under Apprendi v. New Jersey, where the petitioner was sentenced in the Northern District of Georgia. Orozco-Pulido v. United States of America, Civil Action No. 00-40214-DPW (Memorandum and Order, December 15, 2004, Docket No. 3). See also Doyle v. Winn, Civil Action No. 02-40223-DPW (Memorandum and Order, April 30, 2003, Docket No. 11) (habeas petition attacking sentence itself must be raised in a § 2255 motion rather than a § 2241 habeas petition). Because the petitioner in Orozco-Pulido was challenging the validity of the sentence, the proper vehicle to challenge his sentence was through a § 2255 motion in the Northern District of Georgia rather than in the district court in the state of incarceration.
    I have also found, more pertinently, that the proper vehicle for a Blakely challenge is through a § 2255 motion rather than a § 2241 habeas petition or some other procedure. Black v. Winn, Civil Action No. 04-40233-DPW (Memorandum and Order, Nov. 29, 2004 (Docket No. 4), appeal filed Dec. 31, 2004. See United States v. Yett, 2004 WL 2368216 (5th Cir. Oct. 21, 2004) (Blakely challenge not cognizable in the context of a motion under 18 U.S.C. §3582(c)(2))(not selected for publication); United States v. Stewart, 2004 WL 2270015, at *1 (D. Me, Oct. 5, 2004)(same; motion made under Fed. R. Crim. P. 35); United States v. Willis, 2004 WL 1918893, at *1 (N.D. Ill., July 12, 2004); See also Cuevas v. C.J. DeRosa, 386 F.3d 367, 368 (1st Cir. 2004)("...if the Supreme Court in the future makes Blakely retroactive, the petitioner may at any time attempt to assert a claim by means of a second or successive § 2255 petition."); Garland v. United States of America, 2004 WL 1593438, at *1-2 (N.D. Tex. July 15, 2004)) (petitioner precluded from bringing Blakely challenge to conviction under 28 U.S.C. § 2241, notwithstanding fact petitioner may be precluded from raising this claim in a second or successive § 2255 motion).

one." <u>Coady v. Vaughn</u>, 251 F.3d 480, 484 (3rd Cir. 2001) (comparing § 2241 and § 2254 habeas challenges) (citing <u>Edmond v. United States</u>, 520 U.S. 651, 657 (1997); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-89 (1973)).  The rationale behind that canon in this setting is that the use of a § 2241 petition rather than a § 2254 or § 2255 motion would serve to circumvent Congress's intent to restrict the availability of second and successive petitions. <u>Coady</u>, 251 F.3d at 484-85.

Here, because petitioner previously filed a § 2255 motion that was denied on the merits in the United States District Court for the Northern District of Illinois, any § 2255 motion filed by him would constitute a "second or successive" petition.  See <u>Norton v. United States</u>, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000)(a petition is "second or successive" when a previous habeas petition has been decided on the merits); <u>cf</u>. <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 12-13 (1st Cir. 2000).  Before a party can file a "second or successive" § 2255 motion, the motion must be certified by the appropriate Court of Appeals, as provided in section § 2244, to contain "(1) newly discovered evidence..., or (2) **a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable**." 28 U.S.C. § 2255 (emphasis added).  It is this latter provision upon which petitioner presumably relies in asserting his <u>Stogner</u> and <u>Blakely</u> challenges.

While I question whether petitioner may properly raise the issue until the Supreme Court has held the rules of <u>Stogner</u> (presumably if extended to RICO limitation periods) and <u>Blakely</u> (presumably if extended to the Federal Sentencing Guidelines) retroactive, <u>see</u> <u>generally</u> <u>Breese v. Maloney</u>, 322 F. Supp. 2d 109 (D. Mass. 2004), <u>appeal filed</u> (1st Cir. No. 04-1977), petitioner's efforts to challenge his conviction and sentence under newly decided case law must be raised in the context of a § 2255 motion before the sentencing judge in the district in which he was sentenced, <u>i.e.</u>, the Northern District of Illinois. And, since such a motion would be a "second or successive" motion, petitioner must first seek permission from the United States Court of Appeals for the Seventh Circuit, in order to file.

I recognized that notwithstanding the foregoing discussion finding petitioner's challenge to be more properly asserted as a § 2255 motion, habeas relief under § 2241 "may be appropriate when the remedy provided under section 2255 is inadequate or ineffective." <u>Garland v. United States of America</u>, 2004 WL 1593438, at *1-2 (N.D. Tex. 2004), <u>citing</u> <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830-31 (5th Cir. 2000), <u>cert. denied</u>, 534 U.S. 1001 (2001). A § 2241 petition "may be entertained when the so-called 'savings clause' in § 2255" is satisfied by the petitioner. <u>Jeffers</u>, 253 F.3d at 830. That clause states, in relevant part:

> An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court

>which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of detention.

28 U.S.C. § 2255.

Here, attempting to invoke the savings clause, petitioner claims § 2255 will be unavailing because "his inability to file a successive or second 2255 motion makes that remedy inadequate or ineffective to test the legality of detention, thereby entitling him to file a petition for Writ of Habeas Corpus under 29 U.S.C. 2241." However, the case law is clear that the fact petitioner may be precluded from raising the <u>Stogner</u> and <u>Blakely</u> challenges in a second or successive § 2255 motion does not make that remedy "inadequate or ineffective." <u>See Garland</u>, 2004 WL 1593438, at *1 (petitioner precluded from bringing <u>Blakely</u> challenge to conviction under 28 U.S.C. § 2241, notwithstanding fact that petitioner may be precluded from raising this claim in a second or successive § 2255 motion); <u>see also Jeffers</u>, 253 F.3d at 830 ("a prior unsuccessful § 2255 motion, or the inability to meet the AEDPA's second or successive requirement does not make §2255 inadequate or ineffective.").

I recognize further that although "§ 2255 is not 'inadequate or ineffective' merely because a prisoner's petition is procedurally barred under that statute," <u>Little v. United States</u>, No. 01-40077RWZ, 2002 WL 1424581, at *2 (D. Mass. July 1, 2002), there are limited circumstances when courts have permitted § 2241

7

petitions after finding § 2255 inadequate. "The First Circuit has offered no clear standard as to when this prerequisite is satisfied," id., but one circumstance recognized by other courts is when "subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The petitioner relies on cases following the Supreme Court decision Bailey v. United States, 516 U.S. 137 (1995). In Bailey, the Court defined the meaning of firearm "use" in the context of a federal statute to mean "active employment." Id. at 143; see United States v. Pagan-Ortega, 372 F.3d 22, 30 n.4 (1st Cir. 2004) (noting that Bailey has been superceded by statute). For example, in Jones, the court found that the inability of the petitioner to raise a Bailey claim in the initial § 2255 petition permitted the petitioner to raise it in a subsequent § 2241 petition:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34; see Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997) (permitting such a § 2241 petition in the wake of Bailey in "the set of cases in which the

petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions" such as proof of "actual innocence" that could not have been raised effectively before); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (permitting the subsequent raising of a Bailey claim under § 2241 to avoid a "complete miscarriage of justice"); see generally Barrett, 178 F.3d at 50-54.

The petitioner claims that Stogner has rendered just such a change to the substantive law when applied to his RICO prosecution. In Stogner, the Supreme Court held that a law which "created a new criminal limitations period that extends the time in which prosecution is allowed" and "authorized criminal prosecutions that the passage of time had previously barred" violated the Ex Post Facto Clause of the Constitution. Stogner, 123 S.Ct. at 2449. The petitioner here, in essence, contends that Stogner held that statutes of limitations are substantive law and, therefore, prohibits a RICO conviction to be based on predicate acts for which the state statute of limitations has run.

It is not clear on what basis the petitioner claims that Stogner held that statutes of limitations are "substantive" law in the sense relevant here. In any event, Stogner -- by prohibiting the resuscitation of formerly state time-barred charges under state criminal law -- does nothing to call into

question the substantive law and limitations period of the federal RICO charge, a charge separate from the predicate acts that form its basis.  Unlike in *Bailey*, where "actions for which the petitioner had been convicted were in fact not criminal at all", here the petitioner was convicted of a federal RICO violation for which the substantive law was left untouched by *Stogner*.  And, to the extent the petitioner argues that RICO violations may not be proven through predicate acts for which the state limitations period has run, he was not precluded from raising that argument before.  Indeed, his failure to do so may properly be considered a waiver.  In any event, *Stogner* has not changed the substantive law of RICO violations in a way meaningful here.

In the post-*Stogner* universe, the Sixth Circuit's earlier description of the relationship between state predicate acts and federal RICO charges still holds true:

> [I]t is irrelevant whether these particular defendants could have been charged under Ohio law and imprisoned for more than one year for both conspiracy to murder and murder. This argument has been raised and rejected several times in the context of state statutes of limitations, when the state statute has run on a state crime which is offered as a predicate act for a RICO violation.  Courts have held that regardless of the running of the state statute the defendant is still "chargeable" with the state offense within the meaning of 18 U.S.C. § 1961(1)(A).  The reference to state law in the statute is simply to define the wrongful conduct, and is not meant to incorporate state procedural law.  The Third Circuit noted in <u>United States v. Frumento</u>, 563 F.2d 1083, 1087 n.8A (3d Cir.1977), <u>cert. denied</u>, 434 U.S. 1072 (1978):

> Section 1961 requires, in our view, only that the <u>conduct</u> on which the federal charge is based be typical of the serious crime dealt with by the state statute, not that the particular defendant be "chargeable under State law" at the time of the federal indictment. (emphasis in original)

<u>U.S. v. Licavoli</u>, 725 F.2d 1040, 1046-47 (6th Cir. 1984) (citations omitted).[2]

## CONCLUSION

ACCORDINGLY, for the reasons set forth more fully above, respondent's motion to dismiss is ALLOWED.

/s/ Douglas P. Woodlock

_____

DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

---

[2] It bears noting that <u>Stogner</u> -- unlike <u>Bailey</u> -- was a decision of constitutional law. Therefore, even if it were relevant to this case -- which it is not -- there would be even less reason to find § 2255 inadequate, because the Supreme Court could make the decision retroactive and the petitioner could then move in the Seventh Circuit for leave to file a successive § 2255 motion.