# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 05-1090

ROBERT KRILICH,

Petitioner, Appellant,

v.

DAVID L. WINN,

Defendant, Appellee.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

J. Calardo
Deputy Clerk

Date: 10/31/05

Before

Boudin, *Chief Judge*,
Selya and Howard, *Circuit Judges*.

JUDGMENT

Entered: September 6, 2005

The government's motion for summary disposition is <u>granted</u>. We agree with the district court that the proper forum for petitioner's claims pursuant to <u>Stogner v. California</u>, 539 U.S. 607 (2003), is the sentencing court, in this case the United States District Court for the Northern District of Illinois. See <u>United States v. Barrett</u>, 178 F.3d 34, 50 n.10 (1st Cir. 1999), <u>cert. denied</u>, 528 U.S. 1176 (2000). Because petitioner does not challenge the execution of his sentence, but, rather, challenges the constitutional validity of his conviction, §2255, and not §2241, is the proper vehicle for his <u>Stogner</u> claim. <u>Id.</u> Additionally, because petitioner's innocence claim is one of legal insufficiency and not one of actual innocence, he is not eligible to file a §2241 petition pursuant to the savings clause of §2255. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830-31 (5th Cir. 2000), <u>cert. denied</u> 534 U.S. 1001 (2001).

Therefore, after careful review of the parties' filings and the record, the government's motion for summary disposition is

<u>granted</u> and the judgment of the district court dismissing petitioner's §2241 petition for lack of jurisdiction is summarily <u>affirmed</u>. <u>See</u> 1st Cir. R. 27(c).

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
MARGARET CARTER
Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

J. Calardo
Deputy Clerk

Date: 10/31/05

[cc: Scott Carter-Eldred, Esq., Lori J. Holik, Esq., Cynthia A. Young, Esq. and Dina Michael Chaitowitz, Esq.]